**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Amber Knorr and Michael Knorr, Defendants,

Of Whom Michael Knorr is the Appellant.

In the interests of minors under the age of eighteen

Appellate Case No. 2023-000563

———————————

Appeal From Greenwood County
Joseph C. Smithdeal, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-378
Submitted November 8, 2023 – Filed November 29, 2023

———————————

**AFFIRMED**

———————————

Nancy Carol Fennell, of Irmo, for Appellant.

Andrew Troy Potter, of Anderson; and Ashley P. Case, of Fountain Inn, both for Respondent.

Carson McCurry Henderson, of Greenwood, for the Guardian ad Litem.

**PER CURIAM:** Michael Knorr appeals the family court's intervention order finding he sexually abused his minor stepdaughter and placed his three minor children at a substantial risk of sexual abuse; allowing the Department of Social Services (DSS) to forego reasonable efforts at reunification; and closing the case. *See* S.C. Code Ann. § 63-7-1650(E) (2010) (explaining a family court may order intervention and protective services without removing a child from the home if "the court finds that the allegations of the petition are supported by a preponderance of the evidence including a finding that the child is an abused or neglected child as defined in Section 63-7-20 [of the South Carolina Code (Supp. 2023)] and the child cannot be protected from further harm without intervention"); S.C. Code Ann. § 63-7-1640(C)(1)(a) (Supp. 2023) (allowing the family court to "authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines . . . the parent has subjected the child or another child while residing in the parent's domicile to . . . severe or repeated abuse"). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling.

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to cases in which "an indigent person appeals from an order imposing other measures short of" TPR).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.